OPINION
Defendant-appellant, Timothy Wayne Ratliff, appeals a decision of the Clermont County Court of Common Pleas adjudicating him a sexual predator. We affirm.
R.C. 2950.09 contains the procedures for classifying as a sexual predator an offender convicted and sentenced for a sexually oriented offense. The classification procedure which applies to appellant is found in R.C. 2950.09(B)(1) which provides:
 Regardless of when the sexually oriented offense was committed, if a person is to be sentenced on or after the effective date of this section [January 1, 1997] for a sexually oriented offense * * *, the judge who is to impose sentence upon the offender shall conduct a hearing to determine whether the offender is a sexual predator.
In November 1997, appellant pled guilty to one count of rape in violation of R.C. 2907.02(A)(1)(b). On December 5, 1997, he was sentenced to ten years in prison and classified as a sexual predator in accordance with R.C. 2950.09(B).
Appellant's two assignments of error claim that R.C. Chapter 2950, as applied through R.C. 2950.09, is an impermissible ex post facto law in violation of Section 10, Article I of the United States Constitution and violates the prohibition against retroactive laws embodied in Section 28, Article II of the Ohio Constitution.
In State v. Lyttle (Dec. 22, 1997), Butler App. No. CA97-03-060, unreported, this court addressed the constitutionality of the sexual predator statute. This court held that R.C. 2950.09 was constitutional and that the sexual predator law is not punitive and therefore did not violate the Ex Post Facto Clause. Id. at 22. Furthermore, this court held that the various provisions in the law were remedial, not substantive, and therefore did not violate the Ohio constitutional prohibition against retroactive legislation. Id. at 26.
Appellant questions our interpretation of certain cases cited in Lyttle and requests that we re-evaluate that decision. We find no reason to reconsider our decision. See State v. Hatfield (July 27, 1998), Clermont App. No. CA98-01-005, unreported. Therefore, on the authority of Lyttle, we overrule appellant's assignments of error.
Appellant also requests that we certify the issue to the Supreme Court of Ohio. This court notes that other appellate courts have rendered conflicting judgments on the issue of the constitutionality of the application of R.C. 2950.09 to conduct prior to the effective date of the statute. As we did in Lyttle, the First and Ninth Districts have rejected both retroactivity and ex post facto challenges. See, e.g., State v. Lance (Feb. 13, 1998), Hamilton App. Nos. C-970301, C-970282, and C-970283, unreported; State v. Kimble (Feb. 4, 1998) Lorain App. No. 97-CA-006730, unreported. In contrast, the Third and Sixth Districts have found that the Act violates the retroactivity provisions in Section 28, Article II, of the Ohio Constitution. See, e.g., State v. Cook (Aug 7, 1997), Allen App. No. 1-97-21, unreported, discretionary appeal allowed (Dec. 10, 1997), 80 Ohio St.3d 1470; State v. Gonyer (June 26, 1998), Wood App. No. 97-062, unreported. Therefore, this court certifies the record of the instant case to the Supreme Court of Ohio for review and final determination on the issue of the constitutionality of the application of R.C. 2950.09(C)(1) to conduct prior to the effective date of the statute.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.